IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:                                                          Case No.   09-31457
                                                                Chapter 13
Yurii Korotkov and
Iryna Pavlovna Korotkov
SSN:   xxx-xx-8440 and xxx-xx-9624
        Debtors.
_____

Yurii Korotkov and                                              Adversary Proceeding No.:
Iryna Pavlovna Korotkov
        Plaintiffs,
vs.

SunTrust Mortgage, Inc. and
JPMorgan Chase Bank, N.A.
fdba EMC Mortgage Corporation,
        Defendants.
_____


**COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF LIEN
OF SUNTRUST MORTGAGE, INC. and JPMORGAN CHASE BANK, N.A.,
fdba EMC MORTGAGE CORPORATION**


NOW COME the plaintiffs who, complaining of the defendant, allege and say as follows:

PARTIES, JURISDICTION, AND RULE 7008 NOTICE

1. The plaintiffs are residents of North Carolina, Union County, and are the debtors who filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Western District of North Carolina, on July 23, 2009, which bears file number 09-31457.

2. The defendants are business corporations that are engaged in the business of loaning money and servicing mortgage loans along with other banking functions in North Carolina.

3. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure related to the above referenced bankruptcy case now pending before this court, and in this adversary proceeding, the plaintiffs seek to have the validity and extent of the lien claimed by the defendants on real property owned by the plaintiffs determined.

4. Generally, this court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 USC 1334 in that this is a proceeding arising out of Title 11 (11 USC Section 101, et seq.) or arising in or related to a case under Title 11 because it involves the enforcement of rights granted by the United States Bankruptcy Code and because of the order entered by the judges of the United States District Court for the Western District of North Carolina on July 30, 1994, ("the Referral Order") and pursuant to the Bankruptcy Amendment and Federal Judgeship Act of 1994 referring to this court all core proceedings arising under Title 11 or arising in a case under Title 11 and all proceedings which are non-core proceedings but which are otherwise related to a case under Title 11.

5. Venue for this adversary proceeding is properly with this court pursuant to 28 USC 1409.

6. Specifically, this court has jurisdiction over this adversary proceeding pursuant to 28 USC 1334, 28 USC 157(b)(2) and the Referral Order because this is a core proceeding as defined in 28 USC 157(b)(2) in that it concerns a request to determine the secured status of a claim under 11 USC 506. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the plaintiffs have consented to the entry of a dispositive judgment in this adversary proceeding by the Bankruptcy Court.

FACTS

7. On July 23, 2009, the plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code, as above noted.

8. The defendants, EMC Mortgage Corporation and SunTrust Mortgage, were listed as creditors of the plaintiffs and have received notice of the filing of the Chapter 13 petition by the plaintiffs. The defendants never filed a proof of claim in the case. The Chapter 13 plan was confirmed on August 26, 2009, wherein the value of the collateral secured by defendants was valued at $130,000.00 based on a professional appraisal obtained in June, 2009.

9. The defendants are owed a debt in the amount of approximately $31,621.00 which is secured by a second deed of trust on real property commonly known as 3012 Twilight Lane, Indian Trail, North Carolina, owned by the plaintiffs in Union County, North Carolina, and more fully described in that second deed of trust recorded in Book 4124, page 571, Office of the Register of Deeds for Union County, North Carolina. SunTrust Mortgage was the original lienholder when the deed of trust was recorded on April 10, 2006. As of December 9, 2014, no Notice of Assignment has been filed on behalf of SunTrust Mortgage. Upon information and belief, EMC Mortgage Corporation was the lienholder when the Chapter 13 petition was filed on July 23, 2009. EMC Mortgage Corporation no longer exists and was a subsidiary of JPMorgan Chase Bank, N.A. Upon information and belief, the current lienholder is JPMorgan Chase Bank, N.A.

10. At the time of filing, the plaintiffs also owed SunTrust Mortgage over $135,000.00 on a note secured by a first deed of trust on the same real property. This deed of trust is recorded in Book 4124, page 553, Office of the Register of Deeds for Union County, North Carolina.

## CLAIM FOR RELIEF

11. The real property, which is the subject of the first and second deeds of trust, above noted has a fair market value of only $130,000.00 at most based on a professional appraisal obtained in June, 2009.

12. Since the value of the real property, which is the subject of the second deed of trust, held by the defendants, is less than the amount owed on the note secured by the first deed of trust, the second deed of trust held by the defendants has no value, and any claim of the defendants, based upon the amount owed on the note secured by that second deed of trust, should be determined to be an unsecured claim. This second deed of trust should also be canceled of record upon the completion and discharge by the plaintiffs of their Chapter 13 plan.

Wherefore, the plaintiffs pray that the court enter an order which determines that the second deed of trust, held by the defendants, has no value, and further determines that the defendants are entitled to an unsecured claim only in this proceeding based upon the note secured by the second deed of trust. The plaintiffs further pray that the court order that the second deed of trust held by the defendants be canceled of record upon the plaintiffs being granted a discharge herein.

Dated: December 9, 2014

*/s/ Matthew H. Crow*

Matthew H. Crow
Attorney for Debtors/Plaintiffs
315-B North Main Street
Monroe, N.C. 28112
Telephone: (704) 283-1175

B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Yurii Korotkov and Iryna Pavlovna Korotkov | **DEFENDANTS** <br> SunTrust Mortgage, Inc. and JPMorgan Chase Bank, N.A., fdba EMC Mortgage Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Matthew H. Crow, Crow Law Firm <br> 315-B N. Main Street, Monroe, NC 28112 (704-283-1175) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Cancellation of second mortgage of defendants on the debtors' residence

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR Yurii and Iryna Korotkov || BANKRUPTCY CASE NO. 09-31457 |||
| DISTRICT IN WHICH CASE IS PENDING Western District of North Carolina || DIVISION OFFICE Charlotte || NAME OF JUDGE Beyer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF none | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Matthew H. Crow |||||
| DATE 12/9/2014 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Matthew H. Crow |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.