UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:                                                    Case No.   09-31457
                                                          Chapter 13
Yurii Korotkov and
Iryna Pavlovna Korotkov
SSN:   xxx-xx-8440 and xxx-xx-9624
                    Debtors.
_____

**MOTION TO DEEM MORTGAGE LOAN ACCOUNT CURRENT AND MOTION TO IMPOSE SANCTIONS AGAINST SUNTRUST MORTGAGE FOR VIOLATION OF THE DISCHARGE INJUNCTION**

NOW COME the above-named debtors, by and through the undersigned counsel, who respectfully show the Court as follows:

1.  The debtors filed a petition under Chapter 13 of the Bankruptcy Code in this Bankruptcy Court on July 23, 2009.  They subsequently received a standard discharge on December 17, 2014 and their case was closed on April 30, 2015.

2.  SunTrust Mortgage (hereafter SunTrust) was a duly listed secured creditor in the debtors' Chapter 13 plan and is secured by a first deed of trust on the debtors' residence which has an address of 3012 Twlight Lane, Indian Trail, North Carolina.

3.  The confirmed Chapter 13 plan provided for cure of the pre-petition mortgage arrears and direct payments of post-petition monthly mortgage payments starting in the month of August 2009.

4.  On September 9, 2009, SunTrust filed a proof of claim which listed the pre-petition mortgage arrears as $19,474.60.  A copy of this proof of claim is attached hereto as Exhibit A and incorporated herein by reference.

5.  The debtors eventually fell behind on their post-petition mortgage payments and SunTrust filed a Motion for Relief from Stay on June 14, 2012.  A copy of the Post Petition Payment History through June 14, 2012 which was included with the Motion for Relief from Stay is attached hereto as Exhibit B and incorporated herein by reference.

6.  By October 2012, the debtors were able to cure the arrearage with a lump sum payment as stated in paragraph 3 of the Consent Order entered herein on November 6, 2012 and attached hereto as Exhibit C and incorporated herein by reference.  The debtors were to resume with regular monthly directly to SunTrust with the November 1, 2012 payment.

7. All subsequent mortgage payments were paid by the debtors through their local SunTrust Bank branch. Copies of the debtors' payment history and proof of payments are attached hereto as Exhibit D and incorporated herein by reference.

8. According to the debtors' payment history, the debtors sent in less than the regular monthly mortgage payment amount for the months of August and September, 2014, as instructed by SunTrust. On or about August 21, 2014, the debtors received a telephone call from a SunTrust bankruptcy department representative who advised that SunTrust had a less than full payment on hand of $457.24 and was unable to identify where these funds came from or where to apply these funds. The SunTrust representative instructed the debtors to just remit a payment of $544.73 for the month of August, 2014, which would make a full payment of $1,001.97.

9. On or about September 26, 2014, the debtors received a letter from SunTrust dated September 18, 2014, wherein SunTrust acknowledged receipt of funds in the amount of $334.89 on September 5, 2014. The debtors contacted SunTrust and were advised that SunTrust actually had $920.85 on hand and that only a payment of $81.12 would be needed to bring the account current for the month of September, 2014. A copy of the September 18, 2014, letter from SunTrust is attached hereto as Exhibit E and incorporated herein by reference.

10. Unsure as to what was going on with SunTrust during the months of August and September, 2014, the debtors resumed with their regular monthly mortgage payments thenceforth in the amount of $1,002.00 per month and these payments were all remitted through their local SunTrust Bank branch.

11. On December 4, 2014, SunTrust Mortgage filed a Creditor Statement of Amounts Required to Bring Loan Current and alleged that that the debtors were four (4) months delinquent on their post-petition mortgage payments. A copy of the December 4, 2014, statement from SunTrust is attached hereto as Exhibit F and incorporated herein by reference.

12. The debtors believed that they were current on their post-petition mortgage obligations. The debtors' attorney subsequently contacted SunTrust Mortgage directly by telephone on numerous occasions to identify which months the debtors allegedly did not remit mortgage payments. On or about April 14, 2015, he was told by a SunTrust Mortgage bankruptcy department representative that the debtors were current on their mortgage payments and to disregard the above noted statement filed with the Court on December 4, 2014. Debtors' attorney relied on this telephone conversation and did not file a Motion to Deem Mortgage Current. In hindsight, the debtors' attorney should have sought a court order on this issue at that time.

13. SunTrust did provide the debtors' attorney with a loan payment history on January 9, 2015. However, the debtors' attorney is still unable to identify which four months the debtors failed to remit their mortgage payments. SunTrust representatives have even asserted that the missed payments are maybe pre-petition although the Chapter 13 Trustee has fully paid on its pre-petition claim and is contradiction of their Creditor Statement of Amounts Required to Bring Loan Current filed on December 4, 2014. A copy of this loan payment history from SunTrust is

attached hereto as Exhibit G and incorporated herein by reference.

    14. Once the debtors' bankruptcy case was closed on April 30, 2015, SunTrust began foreclosure proceedings, stopped applying the debtors' monthly mortgage payments, assessed property inspection fees, title search fees, and foreclosure attorney's fees, and is still unable to identify to the debtors' attorney which months that the debtors allegedly defaulted on their mortgage payments. The debtors' attorney has already contacted the Hutchens Law Firm which represented SunTrust during the pendency of the debtors' active case for assistance, and they also were unable to help SunTrust identify the four alleged missed post-petition mortgage payments. Copies of the fee assessment letters are attached hereto as Exhibit H and incorporated herein by reference.

    15. The debtors are still sending in monthly mortgage payments to SunTrust and these funds are currently held in suspense by SunTrust.

    16. The debtors have incurred expenses and reasonable legal fees both in their attempts to directly resolve their issue with SunTrust and in the preparation and prosecution of this Motion.

    17. The debtors believe that their only available recourse to resolve their payment history dispute with SunTrust is to have this Court deem their mortgage payments current at the time the case was closed on April 30, 2015, to have all post-petition inspection fees, title search fees, and foreclosure costs removed from their account, and to have costs and fees of $1,000.00 awarded to their attorney.

    WHEREFORE, the debtors pay the Court as follows:

    1. That this Court conduct a hearing, upon notice to SunTrust, wherein SunTrust is to identify which four months the debtors have defaulted on their post-petition mortgage payments as claimed on their Creditor Statement of Amounts Required to Bring Loan Current filed on December 4, 2014.

    2. That this Court sanction SunTrust for its conduct and failures as outlined in this Motion.

    3. That this Court deem the debtor's mortgage payments current at the time the case was closed on April 30, 2015 and that all assessed property inspection fees, title search fees, and foreclosure attorney's fees incurred by SunTrust from the case closing on April 30, 2015 be removed from the debtors' mortgage account.

    4. That this Court award reasonable cost and attorney's fees of $1,000.00 to the Debtors' attorney for his work in prosecuting this matter.

    5. And for such other and further relief as the Court may seem just and proper.

This the 29th day of October, 2015.

    */s/ Matthew H. Crow*
    _____
    Matthew H. Crow
    Attorney for Debtors
    315-B North Main Street
    Monroe, N.C. 28112
    Telephone: (704) 283-1175
    N.C. State Bar No.: 26117

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:  Case No.  09-31457
Chapter 13

Yurii Korotkov and
Iryna Pavlovna Korotkov
SSN:  xxx-xx-8440 and xxx-xx-9624
Debtors.

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the Motion and Notice to which this certificate is affixed was served upon the parties listed below by depositing a copy of the same, enclosed in a first-class postpaid envelope, properly addressed to these parties, in a post office or official depository under the exclusive care and custody of the United States Postal Service, or via electronic court service on this the 29th day of October, 2015.

Warren L. Tadlock              Bankruptcy Administrator
Chapter 13 Trustee             (via ECF service)
(via ECF service)

SunTrust Mortgage
Bankruptcy Dept RVW 3034
PO Box 27767
Richmond, VA  23261
and
(via ECF service)

SunTrust Mortgage
c/o the Hutchens Law Firm
PO Box 2505
Fayetteville, NC  28302
and
(via ECF service)

Mr. and Mrs. Yurii Korotkov
3012 Twilight Lane
Monroe, NC 28110

*/s/ Matthew H. Crow*
_____
Matthew H. Crow
Attorney for Debtors
315-B North Main Street
Monroe, N.C.  28112
Telephone: (704) 283-1175
N.C. State Bar No.: 26117

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:  Case No.  09-31457
Chapter 13

Yurii Korotkov and
Iryna Pavlovna Korotkov
SSN:   xxx-xx-8440 and xxx-xx-9624
Debtors.

_____

**NOTICE OF MOTION AND HEARING**

TAKE NOTICE that the debtors have filed a Motion to Deem Mortgage Loan Account Current and Motion to Impose Sanctions against SunTrust Mortgage.   A copy of the motion and application is included with this Notice or copied on the reverse side of this Notice.

**Your rights may be affected.**  **You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the relief requested in the document, or if you want the Court to consider your views on the motion and application, then on or before **fourteen (14) days from the date of this notice**, you or your attorney must do three (3) things:

1. **File with the Court a written response which explains your position.  File the response at:**

   Office of the Clerk for the United States Bankruptcy Court
   P.O. Box 34189
   Charlotte, NC 28234-4189

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before **fourteen (14)** days from the date of this notice.

2. **On or before the deadline stated above for written responses, you must also mail a copy of your written response to:**

   Matthew H. Crow                       Warren L. Tadlock, Trustee
   315-B North Main Street               5970 Fairview Road, Ste. 650
   Monroe, N.C.  28112                   Charlotte, NC 28210-2100

3. Attend the hearing scheduled for November 24, 2015 at 2:30 p.m. in Courtroom 1-5, United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and application and may enter an order granting the relief.

Date:   October 29, 2015

*/s/ Matthew H. Crow*
_____
Matthew H. Crow
Attorney for Debtors
315-B North Main Street
Monroe, N.C.  28112
Telephone: (704) 283-1175
N.C. State Bar No.: 26117